UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Janice M. Winnett

    v.                                    Civil No. 13-cv-103-JD

J.P. Morgan Chase and
Federal National Mortgage Association


O R D E R

Janice M. Winnett, who is proceeding pro se, filed a petition in state court seeking a temporary restraining order and an injunction to prevent J.P. Morgan Chase and Federal National Mortgage Association from conducting a foreclosure sale of her home.  The defendants removed the case to this court on March 6, 2013, and Winnett filed an amended complaint here.  The defendants now move to dismiss her amended complaint.  Winnett did not respond to the motion.


Standard of Review

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move to dismiss on the ground that the plaintiff's complaint fails to state a claim on which relief can be granted.  In assessing a complaint for purposes of a motion to dismiss, the court "separate[s] the factual allegations from the conclusory statements in order to analyze whether the former, if taken as

true, set forth a plausible, not merely conceivable, case for relief." Juarez v. Select Portfolio Servicing, Inc., 708 F.3d 269, 276 (1st Cir. 2013) (internal quotation marks omitted).  "If the facts alleged in [the complaint] allow the court to draw the reasonable inference that the defendants are liable for the misconduct alleged, the claim has facial plausibility."  Id. (internal quotation marks omitted).

## Background

In her amended complaint, Janice Winnett alleged that she co-owned and resided in a home in Milford, New Hampshire, with her three minor children.  When the complaint was filed, Brian J. Winnett, Janice's husband, owned the house with Janice but was excluded from the home under the terms of a Final Order of Protection issued by the New Hampshire Family Division Court. Janice and Brian were in the process of divorce when Janice filed suit, and the divorce is now final.

On June 24, 2005, Brian Winnett signed a note to Beacon Mortgage Company, LLC, for a loan of $210,000.  Brian and Janice both executed the mortgage on their home to secure the loan.  The mortgage was then assigned to other entities, eventually being held by J.P. Morgan Chase which assigned the mortgage to the Federal National Mortgage Association ("FNMA").  FNMA is the

current holder of the note and the mortgage, and J.P. Morgan Chase is the "agent and servicer" for FNMA.

During the divorce proceedings, Janice and Brian were ordered to each pay half of the monthly mortgage payments. Brian did not make his share of the payments. Janice learned through Brian's disclosures to the Family Division Court that he had not made mortgage payments since August of 2012. Janice could not communicate with Brian because of the terms of the Domestic Violence Protection Order. Janice alleges that J.P. Morgan Chase would not accept payments from her to make up the deficiency.

When the complaint was filed, FNMA was pursuing foreclosure on the home. The foreclosure sale was scheduled for February 28, 2013, but was enjoined by the state court before the action was removed to this court. Janice alleged that she was employed and was willing to make full monthly payments on the mortgage. She also alleged that she was pursuing a contempt order against Brian to force him to make his share of the payments. Janice alleged that FNMA refused to communicate with her about the mortgage or to allow her to exercise her right to reinstatement before foreclosure.

The Winnetts' divorce became final in May of 2013. Under the terms of the final divorce decree, Janice was awarded all right, title, and interest in the home and was solely responsible

for paying the mortgage, taxes, and insurance on the property. Brian was required to quitclaim his interest in the property, but he remained "responsible for the payment of the lien on the home that is owed to Attorney Mooney and shall indemnify and hold Janice harmless thereon."

The defendants, through their counsel, offered Janice an opportunity to assume the loan from Brian and make the loan current. They provided the paperwork for the changes and gave Janice additional time to submit the completed paperwork. As of the date of the motion to dismiss, June 28, 2013, Janice had not applied to assume the loan and was not responding to inquiries. Janice also did not file a response to the motion to dismiss.

## Discussion

Janice Winnett brings breach of contract and breach of the implied covenant of good faith and fair dealing claims and asks the court to enjoin the foreclosure proceedings. The defendants move to dismiss Winnett's claims on the grounds that they have not breached the terms of the mortgage and have not breached the implied covenant of good faith and fair dealing.[1] In support of

---

[1] Although Winnett named J.P. Morgan Chase as a defendant, along with FNMA, she does not allege that J.P. Morgan Chase breached the mortgage or the implied covenant of good faith and fair dealing. The causes of action are alleged against FNMA

their motion, the defendants rely on and filed additional documents, including the note, the mortgage, an agreement reached between them and Winnett after the action was removed from state court, and a reinstatement quote and related paperwork that they provided to Winnett on May 24, 2013.  Based on those documents, the defendants argue that they provided Winnett with the reinstatement opportunity that she contends the mortgage required.

Generally, a motion to dismiss is decided on the well-pleaded allegations in the complaint.  Young v. Wells Fargo Bank, N.A., 717 F.3d 224, 231 (1st Cir. 2013).  In addition, however, the court may consider any documents attached to the complaint, documents incorporated into the complaint by reference, and documents outside the pleadings that are undisputed, central to the plaintiff's claims, and sufficiently referred to in the complaint.  Id.; Giragosian v. Ryan, 547 F.3d 59, 65 (1st Cir. 2008).  When a motion to dismiss is based on extrinsic materials that are not undisputed or sufficiently related to the complaint, the motion must be converted to one for summary judgment.  Fed. R. Civ. P. 12(d); Cruz-Vazquez v. Mennonite Gen. Hosp., Inc., 717 F.3d 63, 68 (1st Cir. 2013).

---

only.

In this case, Winnett does not dispute the authenticity or relatedness of the documents the defendants filed in support of their motion. Therefore, the additional documents will be considered in deciding the motion.

A. Breach of Contract

Winnett alleges that FNMA breached the mortgage agreement by failing to provide her the opportunity to reinstate the loan before foreclosing on the house. Under New Hampshire law, "a breach of contract occurs when there is a failure without legal excuse to perform any promise which forms the whole or part of a contract." Axenics, Inc. v. Turner Constr. Co., 164 N.H. 659, 668 (2013) (internal quotation marks omitted).

Section 19 of the mortgage agreement provides "Borrower's Right to Reinstate After Acceleration," as follows:

> If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time prior to the earliest of: (a) five days before sale of the Property pursuant to any power of sale contained in this Security Instrument; (b) such other period as Applicable Law might specify for the termination of Borrower's right to reinstate; or (c) entry of a judgment enforcing this Security Instrument. Those conditions are that Borrower (a) pays Lender all sums which then would be due under this Security Instrument and the Note as if no acceleration had occurred; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to,

>reasonable attorneys' fees, property inspection and
>valuation fees, and other fees incurred for the purpose
>of protecting Lender's interest in the Property and
>rights under this Security Instrument; and (d) takes
>such action as Lender may reasonably require to assure
>that Lender's interest in the Property and rights under
>this Security Instrument, and Borrower's obligation to
>pay the sums secured by this Security Instrument, shall
>continue unchanged.  Lender may require that Borrower
>pay such reinstatement sums and expenses in one or more
>of the following forms, as selected by Lender: (a)
>cash; (b) money order; (c) certified check, bank check,
>treasurer's check or cashier's check, provided any such
>check is drawn upon an institution whose deposits are
>insured by a federal agency, instrumentality or entity;
>or (d) Electronic Funds Transfer.  Upon reinstatement
>by Borrower, this Security Instrument and obligations
>secured hereby shall remain fully effective as if no
>acceleration had occurred.  However, this right to
>reinstate shall not apply in the case of acceleration
>under Section 18.

Section 22 of the mortgage agreement also requires the lender to give notice to the borrower before enforcing the terms of the agreement following the borrower's breach and to give the borrower at least thirty days to cure the default before proceeding with foreclosure.  Winnett alleges that FNMA breached the mortgage agreement by "proceeding blindly to foreclosure without permitting payment by Plaintiff Winnett to cure the arrearages owed."

The defendants contend that they did not breach the reinstatement right in Section 19 because they reached an agreement with Winnett in early May of 2013 that extended the time for her to cure the default and to assume the obligation of

the note that was signed by Brian Winnett.[2]  They represent that Winnett did not satisfy the requirements for reinstatement under the terms of their agreement.  Therefore, they argue, they provided Winnett with an opportunity to reinstate the mortgage and avoid foreclosure as required under Section 19.

Because Winnett did not respond to the defendants' motion to dismiss, she does not dispute their version of events.  Under these unusual circumstances, Winnett does not state a claim for breach of contract.

B.   Breach of the Implied Covenant of Good Faith and Fair Dealing

Winnett alleges that FNMA breached the implied covenant of good faith and fair dealing by unreasonably exercising its discretion in enforcing its remedies for default.  New Hampshire recognizes an implied covenant of good faith and fair dealing when "an agreement that appears by word or silence to invest one party with a degree of discretion in performance sufficient to deprive another party of a substantial proportion of the agreement's value."  Centronics Corp. v. Genicom Corp., 132 N.H. 133, 143 (1989).  Under the covenant, an "obligation of good faith to observe reasonable limits in exercising that discretion,

---

[2]The defendants do not address the circumstances that preceded the foreclosure notice in February of 2013.

consistent with the parties' purpose or purposes in contracting" is implied into the parties' agreement.  Id.

The defendants argue that because Winnett had an opportunity to cure the default and reinstate the mortgage they did not breach the implied covenants.  As stated above, because Winnett does not dispute the circumstances the defendants present, she has not stated a claim for breach of the implied covenants.

## Conclusion

For the foregoing reasons, the defendants' motion to dismiss (document no. 13) is granted.

The clerk of court shall enter judgment accordingly and close the case.


SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

July 30, 2013

cc:   Peter G. Callaghan, Esquire
      Janice M. Winnett, pro se

9